**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **KENDRICK SHANE BOUDREAUX**<br>    **REG. # 13712-035** | : | **DOCKET NO. 17-cv-1495**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **STEVE LANGFORD** | : | **MAGISTRATE JUDGE KAY** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a petition for writ of habeas corpus, and amendment thereto, filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Kendrick Shane Boudreaux. Boudreaux is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. However, his petition relates to a disciplinary proceeding that occurred at the United States Penitentiary at Lompoc, California, and was originally filed while he was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373–74. Because Boudreaux was incarcerated at FCIO when he initiated this action, jurisdiction and venue over his § 2241 petition are proper.

# I.
## BACKGROUND

Boudreaux brings this petition seeking expungement of a prison disciplinary proceeding that occurred on May 24, 2016, and restoration of the 41 days of good conduct time that he lost in that proceeding. Doc. 14, pp. 2, 8. On that date he was found to have committed Prohibited Act Code 224A, Assaulting Another Person—Attempted. *See* doc. 14, att. 1, p. 5. He alleges that prison staff failed to follow BOP regulations relating to disciplinary investigations and that the Disciplinary Hearing Officer ("DHO") improperly weighed the evidence against him and disregarded exculpatory evidence, resulting in a violation of his right to due process. Doc. 14, att. 1, pp. 1–2. Boudreaux exhausted his remedies with the BOP. *See id.* at 3–5. He then filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. Doc. 1. Because Boudreaux had already been transferred to FCIO by the time he filed that petition, meaning that this district rather than the district of California had jurisdiction over his petition, the government filed a motion to dismiss or, in the alternative, transfer the petition. Doc. 6. Boudreaux then filed a voluntary motion to transfer the case to this district, which the District Court for the Central District of California granted. Docs. 7, 10.

Boudreaux was ordered to amend his petition in order to clarify his claims, and to provide a copy of the DHO report. Doc. 16. He has responded to that order [doc. 20], and so we complete our review of his petition.

## II.
### LAW & ANALYSIS

#### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

#### B. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this

proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80. In determining whether this final standard is met, we do not make an independent assessment of the credibility of witnesses or weigh the evidence. *Hill*, 105 S.Ct. at 2774. Instead, our review is "extremely deferential" and the disciplinary proceeding is overturned "only where no evidence in the record supports the decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Finally, the BOP's failure to follow its own regulations and procedures does not, by itself, "establish a violation of due process, because constitutional minima may nevertheless have been met." *Jacques v. Bureau of Prisons*, 632 Fed. App'x 225, 226 (5th Cir. 2016) (unpublished) (quoting *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989)).

Boudreaux does not provide the DHO report and states that only the respondent has a copy. Doc. 20, att. 2, p. 8. He alleges, however, that the matter concerned an allegation that he had attempted to assault an FCIO officer and that the allegation was actually a cover-up for this officer's assault of Boudreaux during a body cavity search. *Id.* at 1–2, 6–8. Boudreaux maintains that "[t]he sole evidence, relied upon by DHO Chetwood, consists of two falsified statements (memorandums) made by Senior Officer T. Toyoma, and a third statement improperly coerced from me by Lt. W. Shea." Doc. 20, p. 7. He also maintains that Chetwood stated after the hearing that he was finding the petitioner guilty "not because I believe you swung on him, but because he

had to call for assistance." Doc. 20, att. 2, p. 7. Finally, he complains of delays in the four months between the incident and the DHO hearing. Doc. 20, att. 2, pp. 2–3. He also alleges that Lieutenant Shea violated BOP regulations by taking his statement, without informing him of his rights, even though he knew or should have known that the matter was being referred to the FBI.[2] *Id.* at 2.

Boudreaux's disagreement with the weight and competence of evidence does not show that the DHO's findings did not comport with the minimal "some evidence" requirement above, especially under our deferential standard of review. The DHO's post-hearing statement, as alleged by Boudreaux, also fails to show that this standard was not met – though the DHO appeared to disagree with the specific act that Boudreaux maintains was alleged by the officer, he still credited that the officer was in sufficient fear of an attempted physical injury or contact by Boudreaux to call for backup.[3] Finally, Boudreaux complains of delays at various stages of his disciplinary proceedings, from the time of the incident in January 2016 until the DHO hearing on May 24, 2016. He fails to connect either of these alleged breaches of BOP regulations to a due process violation. Even if his statement was taken in an improper manner and even if his proceeding was delayed, he does not allege how the delay interfered with his rights above, what the inculpatory content of his statement was, whether he would have elected to remain silent if informed of that right, and/or how the evidence might have fallen short of the "some evidence" standard with his

---

[2] Under applicable regulations, the BOP staff investigator is supposed to inform the inmate of the charges against him, of his right to remain silent, and of the fact that his silence may create an adverse inference against him, before taking a statement. 28 C.F.R. § 541.5(b)(1). That regulation also provides that "staff investigation of the report may be suspended before requesting your statement if it is being investigated for a possible criminal prosecution." *Id.* at § 541.5(b)(2). The corresponding BOP program statement provides that the investigating officer suspends the investigation "[w]hen it appears likely that the incident may involve criminal prosecution" and that "[s]taff may not question the inmate until the FBI or other investigative agency releases the incident report for administrative processing." BOP Program Statement 5270.09 - Inmate Discipline Program, §541.5(b), *available at* https://www.bop.gov/policy/progstat/5270_009.pdf (last visited April 10, 2018).

[3] Prohibited Act Code 224 forbids the assault of any person, and provides that "a charge at this level is used when less serious physical injury or contact has been attempted or accomplished by an inmate." 28 C.F.R. § 541.3.

statement excluded (and with the adverse inference created by his silence). Accordingly, he cannot show a right to habeas relief.

### III.
#### CONCLUSION

For the reasons stated above, Boudreaux's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the action be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE